DETERMINED IN THE

# FIRST DEPARTMENT,

AT

## GENERAL TERM,

### $\mathfrak{June, }$ 1881.

---

JAMES LLOYD WHITE AND ANOTHER, TRUSTEES, ETC., PLAIN-
TIFFS, *v.* GEORGE W. POILLON AND OTHERS, APPELLANTS,
IMPLEADED WITH THE UNITED STATES LIFE INSURANCE
COMPANY, RESPONDENTS, AND OTHERS.

*Right to have surplus money on foreclosure paid over to the surrogate — within what
time before the issuing of letters, the sale must take place.*

The words "within four years before the sale," as used in section 2798 of the
Code of Civil Procedure, and the words "making of the sale," in chapter 834
of the Laws of 1871, relating to the payment into the proper surrogate's court
of surplus money arising on the sale of real property, if letters testamentary
or of administration have been issued within a certain time, refer to the date
of the sale and not to the commencement of the action or proceedings resulting
in the sale.

APPEAL from an order of the Special Term, directing payment
of the surplus moneys, arising on a sale of mortgaged premises in
the above entitled action, to the surrogate of New York.

*W. W. Gage* and *Man & Parsons*, for the appellants.

*E. S. Van Winkle*, for the respondents.

DAVIS, P. J.:

This action was brought for the foreclosure of a mortgage made by Alexander C. Poillon and Cornelius Poillon, both now deceased. A judgment of foreclosure and sale containing the usual provision that any surplus shall be paid into the chamberlain's office, was obtained, in pursuance of which the mortgaged premises were sold by a referee on the 13th of January, 1881. There was a surplus produced upon the sale of about $10,000. Subsequently to the sale the United States Life Insurance Company, the present respondents, having a judgment recovered February 6, 1878, against Mary A. Jordan, administratrix of Cornelius Poillon one of the mortgagors, moved at Special Term to amend the judgment in the foreclosure case by directing that the surplus moneys be paid to the surrogate of the county of New York instead of to the chamberlain. The court granted the motion. The motion was made under the provisions of chapter 658 of the Laws of 1867, which is as follows:

"SECTION 1. Whenever there shall remain any surplus moneys arising from the sale of any lands or real estate, of which any deceased person died seized, by virtue of any mortgage or other lien thereon given by or obtained against such person during life, the person or corporation making such sale, or the person holding the same, shall pay over such surplus money to the surrogate of any court having jurisdiction to entertain an application for the sale, mortgaging or leasing the real estate of a deceased person, for payment of debts, within thirty days after making such sale, or within thirty days after the passage of this act, and the surrogate's receipt for the same shall discharge such person or corporation from all liability on account of such moneys.

"SEC. 2. The surrogate to whom such surplus moneys shall be paid shall, upon the application of an executor or administrator or creditor of such deceased person, made in the manner prescribed by law, for the mortgaging, lease or sale of real estate for the payment of debts, and upon the same proceedings being had that would authorize the mortgaging, lease or sale of real estate under existing provisions of law, make an order disposing of such surplus moneys, in the same manner as moneys derived from the sale of real estate under the said provisions of law."

Assuming that this act is applicable to cases where mortgages are

foreclosed *by action*, the order would undoubtedly be correct if the provisions of the act remained unaffected by any subsequent legislation. But chapter 658 of the Laws of 1867, above quoted, was amended by chapter 834 of the Laws of 1871, which added to the first section of the act the following proviso :

" But this act shall not apply to any case where letters testamentary or letters of administration within this State have been, or shall have been, issued to the personal representatives or representative of such deceased person, four years previously to the making of the sale on which such surplus moneys arise."

The provisions of the section, as codified, appear in section 2798 of the Code of Civil Procedure, which prescribes the practice established by the act of 1867 as well as under the provisions of the act of 1871, preventing the application of the statute to cases where letters testamentary or letters of administration have been issued four years previously to the making of the sale on which the surplus moneys shall arise. It appears in this case that letters of administration upon the estate of said Cornelius Poillon were issued by the surrogate on the 23d of December, 1876, and that the sale of the mortgaged premises in the above entitled action took place on the 13th of January, 1881. More than four years had elapsed between the issuing of the letters of administration and the date of the sale. The question seems to be, what is the meaning of the phrase "making of the sale," as used in chapter 834 of the Laws of 1871 ? It is argued by the respondent that that phrase should be held to mean the commencement of the foreclosure suit; or the commencement of the proceedings before the referee for making the sale, and that in that sense the making of the sale was less than four years after the granting of the letters.

But we think that the legislature had in view in using that phrase *the act of selling*, so that the words " making of the sale " must be construed simply to mean that act, and thereby to fix a specific time for the purpose of determining the cases to which the act should apply. Thus viewed, the case before us did not come within the provisions of the act of 1867, as amended by the act of 1871. The surplus moneys were therefore disposed of by the provisions of section 1633 of the Code, with which the original judgment, under the rules of the court, complied.

The motion ought not to have been granted, and the order must therefore be reversed, but without costs.

BRADY, J., concurred.

Present—DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, without costs.